IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:01-CR-253

| | |
|---|---|
| PATRICIA TILLERY HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | ORDER |
| ) | |
| _____ ) | |

This matter is before the Court on Petitioner's "Motion for Downward Departure." (DE # 239). Petitioner's Motion is DISMISSED.

## FACTS

On April 22, 2002, Petitioner pled guilty, pursuant to a written plea agreement, to three bank robbery-related offenses and one 18 U.S.C. 924(c) offense. [DE-134]. On September 25, 2002, this Court sentenced Petitioner to 220 months of imprisonment, as well as other penalties. [DE-158].

On March 2, 2004, Petitioner filed a 28 U.S.C. § 2255 motion [DE-186], and this Court dismissed it on July 21, 2004. [DE-193]. Petitioner filed the instant motion for a downward departure on May 13, 2011. [DE-239]. Petitioner asserts that her "extraordinary achievements" while in prison should lead the Court to reduce her sentence.

## DISCUSSION

The Defendant' Motion is dismissed as a successive 28 U.S.C. § 2255 Motion. The Court lacks jurisdiction to hear Petitioner's § 2255 because she has failed to secure permission from the Fourth Circuit Court of Appeals to file this petition.

The Fourth Circuit has held that courts must classify pro se pleadings from prisoners according to their contents, regardless of the label given in the caption. See United States v. Blackstock, 513 F.3d 128, 131 (4th Cir 2008). Additionally, second or successive § 2255 petitions are prohibited unless the petitioner has secured permission from the appropriate court of appeals to file the petition. See, e.g., United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

Petitioner motions for a reduction in her sentence. As this motion seeks post-conviction relief, it should be viewed as a petition under 28 U.S.C. § 2255. This is Petitioner's second § 2255 petition and he has not secured permission from the Fourth Circuit to re-file. Thus, the Court has no jurisdiction to hear his Motion.

## CONCLUSION

Petitioner's Motion is DISMISSED.

SO ORDERED, this _10_ day of July, 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE