IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:01-CR-253-BO

| | |
|---|---|
| PATRICIA TILLERY HILL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's "motion for reduction of sentence" pursuant to *Pepper v. United States*, 131 S. Ct. 1229 (2011). [DE 253]. Because petitioner asks for post-conviction relief that can only be granted pursuant to 28 U.S.C. § 2255, the Court construes her motion as a motion pursuant to § 2255. The government has not responded to the motion. For the reasons stated herein, petitioner's motion is DENIED.

Petitioner first filed a motion to vacate under 28 U.S.C. § 2255 on March 2, 2004. That motion was dismissed on July 21, 2004. Petitioner now asks that she be resentenced based on her post-offense rehabilitation under *Pepper*. [DE 253-3 at 2]. However, in *Pepper*, the Supreme Court held that, when resentencing a defendant after an initial sentence was set aside on appeal, a district court "may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range. *Pepper*, 131 S. Ct. at 1249. *Pepper* does not allow this Court to reopen sentencing on its own or on defendant's motion of sufficient postsentencing rehabilitation. Here, the Court has no basis to conduct a resentencing and such a resentencing

could only be allowed after a successful § 2255 motion. Accordingly the Court construes petitioner's motion as one under § 2255.

However, the Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205. Further, Ms. Hill is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Cooley*, 332 F. App'x 886, 887 (4th Cir. 2009) (unpublished).

## **CERTIFICATE OF APPEALABLITY**

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court re-characterizes petitioner's motion as a § 2255 petition and DISMISSES it as a second or successive § 2255 petition that this Court is without jurisdiction to consider. A certificate of appealability is DENIED as to this issue.

SO ORDERED.

This the __3__ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE